## Commonwealth v. Bell.

*New trial — Document in foreign language — Absence of interpreter — Exclusion of evidence.*

Where, on trial of defendant charged with fraudulent use of the name of a secret fraternal association, defendant offered a document, written in French, which purported to establish his defence, but the court refused to admit it on the ground that no interpreter could be procured, a new trial will be granted where it is shown a French interpreter was in fact in court during part of the trial, but had left the room before the document was offered.

Indictment for fraudulent use of name of secret fraternal association. Motion for new trial. Q. S. Phila. Co., Nov. Sess., 1926, No. 1366.

*Franklin E. Barr*, Assistant District Attorney, for Commonwealth.

*Joseph Blank*, for defendant.

POTTER, P. J., 17th judicial district, specially presiding, June 13, 1927.— This defendant was arrested and tried upon the charge of the "fraudulent use of name and title of a secret fraternal association," and on March 31, 1927, was found guilty, the proceedings having been brought under the provisions of the Act of March 28, 1907, P. L. 35.

At the trial the defendant offered in evidence certain documents written in the French language, purporting to establish his *bona fides in* his contentions offered as his defence. Apparently, no French interpreter could be procured, and we refused to admit them or to consider them till we knew their contents, in which ruling we think we were correct.

It is now alleged by affidavit in support of the motion for a new trial that the courts of Philadelphia have a French interpreter, and that he can be procured to furnish an interpretation of the said documents from the French into the English language. It is alleged in the affidavit that this French interpreter was in the court-room during a part of this trial, that he was told by some one that his services were not needed, that he then left the court-room and could not be found when his services were needed in relation to the interpretation of the said documents.

When this case was argued, we will frankly say that we were inclined to the opinion that a new trial should not be granted. But, after bringing the files in this case along home, and after more mature deliberation, we are inclined to think this defendant should have a new trial, and especially so in view of the untranslated documents hereinbefore mentioned. For all we know, they may contain matters that may exonerate this defendant from the charge, in which case they should be received in evidence in the case and submitted to the consideration of the jury. This old man seems very certain

Commonwealth v. Bell.

that he is in the right, and if he is, he should not be convicted of the charge. And he seems very certain that these said documents will relieve him of the charge of the violation of the law. It surely was through no fault of his that they were not translated. He offered to do so, but, of course, this we could not permit, he being the defendant.

By a spirit of analogy, these documents may be considered in nearly the same light as after-discovered evidence, in which case a new trial is usually granted.

We think he should have extended to him a full opportunity to prove his defence, if he has one, and he seems very certain he has.

The motion for a new trial is sustained, the former conviction is set aside and a new trial is granted.